# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1881-24

M.R.,[1]

    Plaintiff-Appellant,

v.

C.M.S.,

    Defendant-Respondent.

_____

       Submitted December 10, 2025 – Decided December 19, 2025

       Before Judges Mayer and Paganelli.

       On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FV-15-1238-25.

       M.R., self-represented appellant.

       Respondent has not filed a brief.

PER CURIAM

---

[1] We refer to the parties by their initials. <u>R.</u> 1:38-3(d)(10).

Plaintiff appeals from a January 10, 2025 order denying her application for a temporary restraining order (TRO) for failure to attend a de novo hearing before a Superior Court judge after a municipal court judge denied her TRO. She also appeals from a January 13, 2025 order memorializing the January 10, 2025 de novo denial of her application for a TRO. We affirm.

We recite the facts based on the record provided by plaintiff. According to a January 10, 2025 report prepared by officers with the Brick Township Police Department, plaintiff contacted police dispatch at 2:46 p.m. on that date. She reported an incident at her place of work one and a half years earlier, on June 8, 2023, involving defendant, her former co-worker and someone with whom she had a dating relationship.

The police responded to plaintiff's place of work to investigate. As part of their investigation on January 10, 2025, the police reviewed video footage from a June 8, 2023 incident between plaintiff and defendant at their place of employment. According to the police report, the video footage depicted defendant engaging in a "verbal altercation" with plaintiff, then wiping tears from plaintiff's face, placing his head on her shoulder, and kissing plaintiff's hand and cheek "multiple times" before leaving the office.

2

When the police asked why plaintiff waited a year-and-a-half to report the incident, plaintiff responded "she did not know she had video of the incident." Plaintiff further explained she was attempting to locate video evidence for a pending lawsuit filed by defendant when she discovered the video footage of the June 2023 incident.

The police advised plaintiff of her right to apply for a TRO. Plaintiff went to the Brick Township Police Department on Friday evening, January 10, 2025, to file an application for a TRO against defendant. Plaintiff had to apply for a TRO before a municipal court judge because the Superior Court was already closed for the weekend.

In her TRO application, plaintiff alleged she had an argument with defendant on June 8, 2023, more than one-and-a-half years before she filed the TRO application. On that date, plaintiff claimed defendant blocked her from leaving a room in their place of employment after they argued. Although plaintiff's TRO application stated she no longer had contact with defendant, she reported defendant filed a December 2024 civil action against her stemming from a workplace dispute.

The municipal court judge heard plaintiff's testimony in support of her TRO application. He denied the TRO at 5:14 p.m. on January 10, 2025. The

3

municipal court judge explained plaintiff had the right to a de novo hearing before the on-call Superior Court judge regarding denial of the TRO. Plaintiff invoked her right to a de novo hearing.

Consistent with the procedures set forth in the New Jersey Domestic Violence Procedures Manual, the Ocean County Sheriff's Office contacted the on-call Superior Court judge to proceed with the de novo hearing at plaintiff's request. See Sup. Ct. of N.J. & Att'y Gen. of N.J., New Jersey Domestic Violence Procedures Manual (DV Manual) § II(J) at 21 (Apr. 22, 2022). According to the January 10 police report, while waiting for the on-call Superior Court judge to phone, plaintiff "advised officers she was not feeling well" and she left police headquarters. When the on-call Superior Court judge connected with the municipal court to proceed with the de novo hearing, he was told plaintiff left the building. At 6:12 p.m. on January 10, the on-call Superior Court judge denied the TRO because plaintiff was "not . . . present at the time of the hearing."

Due to the telephonic nature of the TRO proceedings after regular court hours, an order memorializing the denial of the de novo hearing on plaintiff's TRO application was not entered until the next business day, January 13, 2025. Plaintiff filed an appeal on February 27, 2025.

A-1881-24

On October 27, 2025, the Presiding Judge of the Family Part in Ocean County provided a supplemental submission regarding the procedural history of plaintiff's TRO application. The Family Part judge confirmed the municipal court judge's denial of plaintiff's TRO application at 5:14 p.m. on January 10 and the denial of plaintiff's de novo appeal by the on-call Superior Court judge at 6:12 p.m. on January 10. Because no physical orders were entered on January 10 reflecting the decisions by the municipal court judge and the on-call Superior Court judge, the Presiding Judge of the Family Part entered the January 13 order memorializing denial of plaintiff's TRO application.

On appeal, plaintiff addresses the merits of her TRO application. Additionally, she argues the Superior Court judge "committed reversible error by dismissing the TRO application without conducting the statutorily mandated de novo hearing." We reject plaintiff's argument.

Under N.J.S.A. 2C:25-28(i), the denial of a TRO "is immediately appealable for a plenary hearing de novo . . . on the record before any judge of the Family Part of the county in which the plaintiff resides." It is fundamental to a party's right to a de novo appeal that the party participate by proffering testimony. Under the DV Manual, if a plaintiff leaves the courthouse prior to

5

the de novo hearing, the complaint should be dismissed.  <u>DV Manual</u>, §

IV(C)(2)(k) at 43.

Here, plaintiff requested a de novo hearing after the municipal court judge's denial of her TRO application.  Despite knowing the Ocean County Sheriff's Department contacted the on-call Superior Court judge to proceed with the requested de novo hearing, plaintiff elected to leave the police station because she "became ill."

It was incumbent upon plaintiff to present herself to the on-call Superior Court judge at the de novo hearing if only to request an adjournment because she was not feeling well.  The municipal court judge's denial of plaintiff's TRO occurred at 5:14 p.m.  At 6:12 p.m., the on-call Superior Court judge initiated a telephonic proceeding to hear plaintiff's de novo appeal from denial of her TRO application.

Nothing in the record indicates plaintiff's illness required immediate hospitalization or other emergency medical treatment.  Moreover, because plaintiff was at the local police station, officers could have rendered aid in response to any medical situation plaintiff was experiencing.  Rather than wait for the on-call Superior Court judge, plaintiff elected to leave the police station sometime between 5:14 p.m., when she learned the municipal court judge denied

her TRO application, and 6:12 p.m., when the on-call Superior Court judge initiated the telephonic de novo hearing.

Plaintiff bore the burden of prosecuting her de novo appeal from the municipal court judge's denial of her TRO. Under <u>Rule</u> 5:7A-(c), an applicant seeking a TRO "shall appear before a judge . . . to personally testify on the record." The rule permits telephonic oral testimony for a TRO application. <u>R.</u> 5:7A-(d).

Because plaintiff failed to wait for the on-call Superior Court judge to initiate the de novo hearing and, at a minimum, explain why she was unable to proceed on January 10, there was no evidence or testimony proffered by plaintiff for the judge to consider as part of the record. Under the circumstances, the on-call Superior Court judge properly denied the TRO based on plaintiff's failure to present testimony in support of her application.

Nothing precludes plaintiff from filing a new application for a TRO against defendant in the future. We take no position on the outcome of any future TRO application.

To the extent we have not addressed any of plaintiff's remaining arguments, they lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1881-24